# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39950 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Dejuan A. JONES**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 25 March 2022

———————————

*Military Judge:* Thomas J. Alford; Dayle P. Percle (remand).

*Sentence:* Sentence adjudged on 27 May 2020 by GCM convened at Minot Air Force Base, North Dakota. Sentence entered by military judge on 26 June 2020 and reentered on 21 December 2021: Bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before KEY, RICHARDSON, and MERRIAM, *Appellate Military Judges*.

Judge MERRIAM delivered the opinion of the court, in which Senior Judge KEY and Judge RICHARDSON joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MERRIAM, Judge:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and a pretrial agreement (PTA), of one specification of possession of child pornography on divers occasions, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The offenses were committed between March and December 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The PTA required the convening authority to approve no more than 24 months of confinement, and contained no further restrictions on the sentence.

This case is before our court for the second time. Appellant initially raised two assignments of error: (1) whether the sentence of confinement for 20 months is inappropriately severe, and (2) whether Appellant is entitled to appropriate relief due to the convening authority's failure to take action on the sentence as required by law. In response to Appellant's second assignment of error, we remanded his case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as no action was taken on the adjudged sentence. *United States v. Jones*, No. ACM 39950, 2021 CCA LEXIS 580, at *6–7 (A.F. Ct. Crim. App. 3 Nov. 2021) (unpub. op.). We deferred deciding whether Appellant's sentence was inappropriately severe.

On 9 December 2021, the convening authority took action on the sentence by approving the sentence in its entirety. On 21 December 2021, the military judge on remand signed a modified entry of judgment (EoJ). We find the convening authority's 9 December 2021 action on the sentence complies with applicable law and the modified EoJ correctly reflects the post-trial actions taken by the convening authority. The court now addresses whether Appellant's sentence of confinement for 20 months is inappropriately severe. Finding no error that materially prejudiced a substantial right of Appellant, we affirm the findings and the sentence.

---

[1] Reference to the punitive article is to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

## I. BACKGROUND

Prior to entering active duty, Appellant created a Dropbox account in which he stored images and videos of child pornography.[2] When he entered active duty on 6 March 2018, Appellant still possessed "a lot" of these files, including some that depicted "teenage looking individuals" and some "with younger children."[3] On divers occasions between March 2018 and December 2018, Appellant possessed child pornography in his Dropbox account.[4]

On 4 October 2018, civilian law enforcement received a "Cyber Tipline Report" from the National Center for Missing and Exploited Children (NCMEC) that on 5 September 2018, 388 images of suspected child pornography were uploaded to a Dropbox account linked to Appellant's email address. When the files were uploaded on 5 September 2018, Appellant was in technical training school at Sheppard Air Force Base, Texas. After graduating from technical training, Appellant was assigned to Minot Air Force Base, North Dakota. In November 2018, when law enforcement accessed Appellant's Dropbox account pursuant to a search warrant, Appellant's account encompassed over 1,600 digital media files containing images or videos of apparent or suspected child pornography.[5] NCMEC confirmed that 234 of these images depicted known minor victims recorded in its Child Recognition and Identification System database. Approximately 60 of the over 1,600 files saved in Appellant's Dropbox account depicted clearly prepubescent boys. These videos and images showed boys displaying their genitalia, touching other boys in a sexual manner, or adults performing sex acts on the children.

---

[2] Dropbox is a file hosting service that allows users to store electronic files remotely rather than on their own devices.

[3] Although these images were stored remotely in his Dropbox account, Appellant had exclusive access and control over the account, and he was able to upload files to, delete files from, and view files stored through the account.

[4] Appellant admitted he accessed files containing child pornography through the Dropbox application on his phone during technical school training at Sheppard Air Force Base, Texas, which ran from 6 May 2018 through 14 September 2018, and at his first permanent duty station, Minot Air Force Base, North Dakota, from September 2018 until sometime in December 2018. Because he did not have access to his cell phone during basic military training, Appellant possessed, but did not have access to, the files contained in his Dropbox account from on or about 6 March 2018 until on or about 5 May 2018.

[5] Appellant's stipulation of fact, admitted as Prosecution Exhibit 1, states that "[s]everal of the 1,662 files were duplicates and/or cached thumbnail images," but does not more precisely detail how many of the images were duplicates.

On 3 December 2018, Appellant was interviewed by agents of the Air Force Office of Special Investigations (AFOSI). Under rights advisement, Appellant confessed to possession of child pornography in his Dropbox account. Appellant told agents he started to download the images and videos when he was in high school when he was a minor. Appellant explained that when he began to look at pornography on the Internet, he was "exploring [his] sexuality." Appellant stipulated that he told agents that "because he started watching child pornography when he was 15 or 16 years old, and was interested in images of teenagers his age, it's what he [was] used to and it's hard for him to stop now." Appellant further stipulated he "tried deleting his files a few times while in technical school, but he 'just couldn't do it.'" During his interview with AFOSI, Appellant described watching a video where two adult men forced a boy who appears to be six years old to put his mouth on one adult's penis, while the other adult penetrated the boy's anus. Appellant admitted watching this particular video "too many times," including while he was at technical school.

During his providence inquiry, Appellant acknowledged knowingly possessing files containing child pornography after entering active duty. He explained, "The majority of the files I possessed were of teenage looking individuals. However, I still possessed some files with younger children and I knew that I possessed these files and that [it] was wrongful."

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citation omitted). Our authority to determine sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). In assessing sentence appropriateness, this court considers "the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (*en banc*) (alteration in original) (citation omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

Appellant offers multiple reasons to support his claim that his sentence to 20 months of confinement is inappropriately severe. Appellant alleges the mil-

itary judge failed to give sufficient credence to mitigation and extenuation evidence admitted at trial. Appellant contended that he was subjected to bullying in high school and that his initial companionship came through social networks he accessed through his phone. Appellant recalled that, unlike talking to people in person where he could "see the judgment all over their faces," in online group chats he was able to "express [his] emotions" and "let loose" with persons he could trust. People with whom he communicated online would "send random nudes and pictures." Some people in the group chats pointed him toward creating a Tumblr[6] account where "everything was so easy to get" and where he was "exposed to some of the material" leading to his court-martial. Appellant noted that "[a]t that time, [he] was still too curious about this new way to receive nudes to think about whether it was wrong or not as a teenager." Appellant stated the Dropbox repository of images and videos in which he possessed child pornography was created when he was a minor, before joining the Air Force, but he understands that what he did as a teen and continued doing into adulthood was wrong. Appellant observes he admitted his wrongdoing when confronted by law enforcement, noting he "immediately owned up to the conduct at issue without any tendency to misrepresent or distort, being both honest and forthright."

Appellant also observes that at trial, a forensic psychologist provided expert opinion testimony that the relevant scientific literature indicates that "non-contact offenders" such as Appellant have significantly lower recidivism rates than "contact offenders."[7] Appellant specifically points the court to a psychological evaluation performed by Dr. PS, an expert in forensic psychology. In terms of whether Appellant was likely to reoffend, Dr. PS concluded that "the risk that [Appellant] presents is actually quite low in comparison to what we know about contact offenders. So, the risk to the community is minimal, that would be definitely one of the things we can say."

Additionally, Appellant notes that at trial both his squadron commander and first sergeant testified on his behalf regarding his positive duty performance, even while he was under investigation. Appellant argues that this work performance demonstrates less confinement is necessary to achieve the Government's interests in punishment, good order and discipline, and deterrence. Finally, Appellant argues that the adjudged bad-conduct discharge will itself have lasting effects. Appellant asks this court to reduce the adjudged term of

---

[6] Tumblr is a micro-blogging and social networking website where users can post multimedia and other content.

[7] In this context, a "contact offender" refers to one who has had inappropriate physical contact with an actual child.

confinement but does not specify a term of confinement he believes is appropriate.

Possession of child pornography is unquestionably serious and none of Appellant's arguments for why his sentence is inappropriately severe reduces the seriousness of the offense of which he was convicted. The continuing harm that the possession of child pornography causes to victims "is itself settled law." *United States v. Barker*, 77 M.J. 377, 384 (C.A.A.F. 2018) (citing *Osborne v. Ohio*, 495 U.S. 103, 111 (1990)). In upholding a state proscription of possession of child pornography, the United States Supreme Court has noted, "[I]t is now difficult, if not impossible, to solve the child pornography problem by only attacking production and distribution." *Osborne*, 495 U.S. at 110. Indeed, the consumer of child pornography creates a market for, and incentivizes further production of, child pornography. *Id.*; *see, e.g., United States v. Goff*, 501 F.3d 250, 260 (3d Cir. 2007) (opining the consumer of child pornography provides an economic motive for creating and distributing child pornography). Indeed, at trial Appellant admitted he had purchased some of the child pornography he possessed.

Reflecting the seriousness of child pornography possession, Appellant faced a maximum sentence that included confinement for ten years, as well as a dishonorable discharge, reduction to the grade of E-1, and total forfeiture of pay and allowances. Trial counsel recommended confinement for two years (the maximum sentence to confinement agreed upon by Appellant and the convening authority in the PTA),[8] a dishonorable discharge, and reduction to airman basic (E-1). With Appellant's permission, trial defense counsel argued for a bad-conduct discharge and "eight to twelve months confinement."

For at least the first eight months he was on active duty, Appellant possessed and curated an extensive child pornography collection, some of which depicted known minor children, and some of which depicted heinous sexual acts between adults and children. During the charged timeframe, Appellant purchased child pornography to add to his collection. His collection was not stagnant; three months before he was confronted by AFOSI agents, Appellant uploaded 388 images of suspected child pornography to his Dropbox account. Though Appellant described attempting to stop possessing and viewing child pornography, he claims he was unable to do so on his own, admitting he would sometimes deactivate his Dropbox account or delete the Dropbox app, but "a few days later it would be right back [on] [his] phone." Appellant admitted to

---

[8] We note Appellant agreed to a PTA under which the maximum approved sentence could have included, *inter alia*, a dishonorable discharge and 24 months' confinement. Appellant's actual adjudged and entered sentence is substantially less severe than that which was possible under the PTA to which he agreed.

watching "too many times" a video depicting two men engaging in simultaneous oral and anal sex with a boy who appeared to be six years old. Appellant's own admissions demonstrate the necessity of specific deterrence in this case.

According to the evidence presented by Appellant at trial, his duty performance before and after his child pornography possession was discovered was commendable. One witness testifying on Appellant's behalf characterized his work as "amazing." However, this duty performance is marred by the fact that Appellant apparently possessed child pornography during the entirety of his brief active duty military service prior to being caught and confronted by law enforcement.[9] Indeed, Appellant's military career was so brief that the records of his service introduced at trial contained no performance reports.

The military judge, who received all the evidence and observed Appellant at the court-martial, determined that a 20-month term of confinement was appropriate, in addition to a bad-conduct discharge, total forfeitures of all pay and allowances, reduction to E-1, and a reprimand.

Despite matters in extenuation and mitigation, it is impossible to ignore that many of the videos and images Appellant possessed depicted exceptionally graphic and disturbing sexual assaults of children. Nor can we overlook the sheer volume of child pornography files Appellant possessed throughout months of his military service.

Having considered the nature and seriousness of Appellant's admitted offense, and all matters contained in the record of trial, to include all matters Appellant submitted on his behalf in extenuation, mitigation, and clemency, we conclude the adjudged and entered sentence is not inappropriately severe. *See Sauk*, 74 M.J. at 606.

## CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d).

---

[9] As noted above, Appellant did not have access to his child pornography collection while in basic military training because he did not have possession of his cell phone during that time.

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court